# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIDEL E. RUELAS, | |
| Plaintiff, | NO. 3:09-CV-1222 |
| v. | (JUDGE CAPUTO) |
| UNITED STATES OF AMERICA, | (MAGISTRATE JUDGE BLEWITT) |
| Defendant. | |

## **MEMORANDUM ORDER**

Presently before the Court are the Report and Recommendation ("R&R") of U.S. Magistrate Judge Thomas M. Blewitt (Doc. 3), Plaintiff Fidel E. Ruelas' Objection to the R&R (Doc. 5), and Plaintiff's Motion for Leave to Amend his complaint (Doc. 6). The Magistrate Judge recommends that Plaintiff's sole claim be dismissed. Plaintiff responds to the R&R by seeking leave of the court to amend his complaint to cure the deficiencies identified in the R&R. For the reasons stated below, the Court adopts the reasoning of the R&R, but grants Plaintiff's motion for leave to file an amended complaint.

On June 26, 2009, Plaintiff, a prisoner at the U.S. Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg") proceeding *pro se*, filed a complaint against the United States under the Federal Tort Claims Act ("FTCA"). The entirety of Plaintiff's allegations are as follows:

> On July 2, 2008, there was a disturbance at U.S.P. Lewisburg which resulted in the prison being put on lock down. On that same day I was admitted to the Special Housing Unit ["SHU"]. While the prison was still on a lock down, unknown officers packed up all my personal property from my locked cell in C-block housing unit and somehow lost it. On or about November 2008, S.I.S. Lt. Argueta interviewed me on a[n] investigation he was conducting into my lost property. Upon conclusion of his investigation S.I.S. Lt. Argueta informed me he was recommending

that I be reimbursed for my lost property.

(Compl. 1-2, Doc. 1.) In his R&R, Magistrate Judge Blewitt notes two reasons that Plaintiff's claim should be dismissed for lack of subject matter jurisdiction. First, Plaintiff failed to allege exhaustion of administrative remedies. Second, Plaintiff's claim falls within an exception to the FTCA's waiver of the United States' sovereign immunity.

As to the first basis for dismissal, The FTCA requires a plaintiff to exhaust his or her administrative remedies prior to initiating suit against the United States. 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency....

"The statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely." *Wilder v. Luzinski*, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000) (citing *McNeil v. United States,* 508 U.S. 106, 111 (1993); *Wujick v. Dale & Dale, Inc.*, 43 F.3d 790, 793-94 (3d Cir. 1994) (noting that administrative exhaustion under FTCA is mandatory and that the U.S. Supreme Court "firmly rejected" the "no harm, no foul" reasoning)). Plaintiff fails to allege that he filed an administrative tort claim with the relevant agency, here the Bureau of Prisons ("BOP"). The Magistrate Judge therefore correctly identified this deficiency as grounds for dismissing Plaintiff's complaint.

I turn now to the Untied States' sovereign immunity. Through the FTCA, Congress waived the United State's sovereign immunity to suit for the torts of federal employees,

2

authorizing:

> [C]laims against the United States, for money damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). However, the FTCA also exempts certain categories of claims from this waiver. *Id*. §§ 2680(a)-(n). Relevant here is § 2680(c), which preserves immunity over "any claim arising in respect of ... the detention of any good, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." *Id.* § 2680(c).

In a case involving the mishandling of inmate property, the U.S. Supreme Court recently held that federal corrections officers are "law enforcement" officers within the meaning of § 2680(c). *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 128 S. Ct. 831, 834 (2008). The Supreme Court has also held that the statutory language "any claims arising in respect of" the detention of goods means any claim arising out of the detention of goods, including claims resulting from negligent handling or storage of detained property. *Kosak v. United States*, 465 U.S. 848, 854, 862 (1984). The Magistrate Judge correctly concluded that Plaintiff's claim for the loss of his property by federal corrections officers falls within the § 2680(c) exemption from the FTCA's waiver of sovereign immunity. The Court therefore lacks subject matter jurisdiction over Plaintiff's claim. *See Matsko v. United States*, 372 F.3d 556 (3d Cir. 2004) (dismissing FTCA claim for lack of subject matter jurisdiction where immunity was not waived).

Plaintiff filed an Objection to the R&R asking that the Court grant him leave to amend his complaint to cure the deficiencies identified by Magistrate Judge Blewitt. (Doc. 5.) He

3

also filed a separate motion for leave to amend the complaint the same day. (Doc. 6.) The Court will treat both filings as a single motion for leave to amend. Plaintiff seeks to include averments regarding actions taken to exhaust his administrative remedies. He also seeks to include allegations that he was never provided record of the removal of his property from his cell, as required by BOP regulations, and that his property was never "detained" within the meaning of § 2680(c).

Plaintiff need not have sought leave of the Court to amend his complaint at this stage of the proceedings. *See* Fed. R. Civ. P. 15(a)(1) ("[a] party may amend its pleading once as a matter of course ... before being served with a responsive pleading"). The Court nonetheless treats a request for leave to amend in these circumstances as a case in which leave of the court is required to amend. *See Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d. Cir. 1989).

Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). A district court has the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). At this early stage of proceedings there is no prejudice to the United States in allowing amendment. There is no indication that Plaintiff moves to amend in bad faith or for a dilatory motive. Finally, Plaintiff's proposed amendments are not futile. He seeks to show he exhausted his administrative remedies and that his claim falls outside the scope of § 2680(c). In other words, he seeks to show that his claim does not arise out of the detention of his property by federal corrections officers. The Court therefore grants Plaintiff's motion to amend his complaint.

4

In sum, the Court adopts the Magistrate Judge's reasoning, but gives Plaintiff an opportunity to cure the identified deficiencies in his complaint.

**NOW,** this   24th   day of August, 2009, **IT IS HEREBY ORDERED THAT**:

(1) The Report & Recommendation (Doc. 3) is **ADOPTED**.

(2) Plaintiff's Motion for Leave to Amend (Doc. 6) is **GRANTED**. Plaintiff shall file an amended complaint within twenty (20) days of the date of this Order.

(3) The case is **RECOMMITTED** to Magistrate Judge Blewitt.

(4) The Clerk of Court shall cause a copy of this Memorandum Order to be served on Plaintiff.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge